**Valkyrie E. HALL, et al., Plaintiffs,**

v.

**INTERNET CAPITAL GROUP, INC., Freeborders, Inc., Ronald Hovsepian, Mark Lotke, David Chu, and Robert Burch, Defendants.**

No. CIV. 02–255–P–C.

United States District Court, D. Maine.

July 18, 2003.

---

David Soley, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Plaintiffs.

Joseph H. Groff, III, Jensen, Baird, Gardner & Henry, Portland, ME, Kathleen N. Massey, Dechert, LLP, New York City, Steven B. Feirson, Dechert, LLP, Philadelphia, PA, Robert S. Frank, Harvey & Frank, Portland, ME, Michael A. Cunniff, McCloskey, Mina & Cunniff, LLP, Portland, ME, Mark Lane, Koo, Larrabee, Lau–Koo & Lane, LLP, Mamaroneck, NY, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO STAY ACTION PENDING ARBITRATION OF CLAIMS

GENE CARTER, Senior District Judge.

Plaintiffs' claims arise out of the December 2000 merger between two privately held software companies, Freeborders, Inc., a Delaware corporation with its principal place of business in California, and Animated Images, Inc., a Maine corporation. Plaintiffs are former stockholders of Animated Images who sold their interest in that company to Freeborders in exchange for Freeborders stock as part of the merger. Plaintiffs allege that they were deceived into approving the merger and selling their interest in Animated Images, specifically asserting claims against Defendants for securities fraud (Counts I and III), violation of securities registration laws (Counts II and IV), fraud (Count V), negligent misrepresentation (Count VI), breach of contract—pre-merger (Count VII), breach of contract—post-merger (Count VIII), breach of fiduciary duty (Count IX), and civil conspiracy (Count X). Now before the Court are the Motions to Stay filed by Defendants Internet Capital Group, Inc., Freeborders Inc., Ronald Hovsepian, Mark Lotke, David Chu, and Robert Burch requesting that the Court stay proceedings in this case pending arbitration of the claims raised in the Amended Complaint. *See* Defendant Freeborders, Inc.'s Motion to Stay Proceedings Pending Arbitration (Docket Item No. 13); Defendant David Chu's Motion to Dismiss the Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), 9(b) and the PSLRA (Docket Item No. 18); Consolidated Motion to Dismiss or in the Alternative Motion to Stay of Defendants Internet Capital Group, Inc., Ronald Hovsepian, Mark Lotke, and Robert Burch (Docket Item No. 19). Plaintiffs object to a stay. The Court will grant Defendants' Motions to Stay proceedings in this case pending arbitration.

## I. FACTS

Freeborders, Animated Images, Internet Capital Group, and Animated Images Stockholders' Representative Robert Kidd executed an "Agreement and Plan of Merger and Reorganization" ("Merger Agreement") dated November 10, 2000. Section 9.05 of the Merger Agreement provides, in pertinent part, that "Robert M. Kidd (such person and any successor or successors being the 'Stockholders' Representative') shall act as the representative of the Stockholders, and shall be authorized to act on behalf of the Stockholders and to take any and all actions required or permitted to be taken by the Stockholders' Representative under this Agreement or the Escrow Agreement, with respect to any claims (including the settlement thereof) made by FB or the Stockholders for indemnification pursuant to this Article IX of the Agreement and with respect to any actions taken by the Stockholders' Representative pursuant to the terms of the Escrow Agreement." In addition, section 10.07(a) of the Merger Agreement states: "Any controversy or claim arising out of or

relating to this Agreement or a breach hereof shall be finally settled by arbitration in accordance with the provisions of this Section 10.07 ...." Agreement and Plan of Merger and Reorganization attached to the Complaint (Docket Item No. 1) as exhibit B at 72. On November 30, 2000, an "Information Statement" was sent to all the holders of capital stock in Animated Images and Freeborders in connection with the solicitation of approval from the shareholders of the proposed merger between the two companies. With respect to the shareholder representative the Information Statement provides:

> If the Merger is approved by the [Animated Images] stockholders, each [Animated Images] stockholder shall be deemed to have consented to the appointment of Mr. Robert Kidd (the "Stockholder Representative") as their representative and attorney-in-fact for and on behalf of each such stockholder and the taking by the Stockholder Representative of any and all actions and the making of any decisions required or permitted to be taken by the Stockholder Representative under the Agreement. If the Merger is approved by the [Animated Images] stockholders, **each [Animated Images] stockholder shall be deemed to have consented to the exercise of the Stockholders Representative's power to negotiate, settle and otherwise resolve indemnification claims and to make other such determinations as are provided in the Agreement.**

Information Statement, attached as Exhibit 2 to the Affidavit of Brian Coolidge (Docket Item No. 31) (emphasis in original). The Information Statement also indicates that the Merger Agreement was attached as an exhibit. On December 5, 2000, a Special Meeting of the Animated Images shareholders was held, where a majority of the shareholders approved the plan of merger between Freeborders and Animated Images. Minutes of Animated Images Special Meeting of Shareholders, December 5, 2000, attached as Exhibit 1 to the Affidavit of Brian Coolidge.

## II. DISCUSSION

Defendants contend that the Plaintiff shareholders are bound by the arbitration provisions in the Merger Agreement and ask this Court to stay proceedings until the Plaintiffs' claims can be arbitrated. Plaintiffs respond that their claims are not subject to the arbitration clause in the Merger Agreement because there is no evidence that they had authorized Robert M. Kidd to be their representative at the time the Merger Agreement was signed.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.,* requires arbitration of a claim where a contract contains a written arbitration provision and where the contract evidences a transaction involving interstate commerce. Here, the contract at issue—the Merger Agreement—is written and the merger of a Maine company with a Delaware/California company clearly involves interstate commerce. The Supreme Court has recently reiterated that the FAA expresses a strong federal policy favoring arbitration agreements. *See Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 123 S.Ct. 588, 591, 154 L.Ed.2d 491 (2002) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)); *see also PacifiCare Health Systems, Inc. v. Book,* —— U.S. ——, 123 S.Ct. 1531, 1536 n. 2, 155 L.Ed.2d 578 (2003). Moreover, "[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone,* 460 U.S. at 24, 103 S.Ct. 927. Whether a party is bound by an arbitration clause is governed by federal law, which creates a framework

of presumptions that inform the Court's analysis.

In determining whether the claims at issue are subject to arbitration, this Court must first consider whether the parties agreed to submit their claims to arbitration. In this case, Plaintiffs do not assert that the Merger Agreement is not valid; rather, they claim that the "Shareholders' Representative" did not have the authority to bind them to the Merger Agreement on November 10, 2000, when he signed the agreement as their representative. What Plaintiffs fail to mention, however, is that they later ratified the action he took on their behalf in connection with the merger by voting for, and approving, the merger. Specifically, they were informed that by approving the merger, the "stockholder[s] shall be deemed to have consented to the appointment of Mr. Robert Kidd (the 'Stockholder Representative')." Indeed, Robert Kidd signed the Merger Agreement as the Stockholder Representative. Based on the foregoing facts, the Court finds that the stockholders authorized Robert Kidd to act as the Stockholder Representative in connection with the merger by approving the merger and, thereby, they ratified his appointment. Because he received approval to act on their behalf, Robert Kidd's signature on the Merger Agreement as Shareholder Representative obligated the shareholders to the terms of the agreement, including the arbitration provision.

Now that the Court has established the existence of a valid arbitration agreement binding the Stockholders, consideration must be given to the question of the scope of the arbitration agreement. Keeping in mind that any ambiguity in the language must be construed in favor of arbitration, here the parties agreed that the subject arbitration provision would broadly cover any dispute "arising out of" or "relating to" the Merger Agreement. The Court finds that the instant arbitration provision governs all the claims asserted by Plaintiffs in this case. In the face of a clear and binding commitment to arbitrate these disputes and upon Defendants' application, the Court will stay the present litigation pursuant to section 3 of the FAA.[1]

### III. CONCLUSION

It is **ORDERED** that Defendants' Motions to Stay proceedings on Counts I through X be, and they are hereby, **GRANTED** and this action is **STAYED** pending arbitration.

---

1. Section 3 of the FAA provides:

   If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

   